UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| SHAWN COREY CARTER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY BUZBEE, DAVID FORTNEY and JANE DOE,<br><br>　　　　Defendants. | Case No. |

**MOTION FOR LEAVE TO PROCEED USING PSEUDONYM FOR ONE DEFENDANT**

Plaintiff Shawn Corey Carter moves the Court for leave to use a pseudonym to proceed against Defendant Jane Doe. In further support, Mr. Carter states the following:

1.　Mr. Carter brings this lawsuit against Jane Doe to hold Doe accountable for false allegations of sexual assault that she made against Mr. Carter, and extortionate demands made in conspiracy with her attorneys on an ongoing basis.

2.　Mr. Carter does not commence this action lightly. Following Jane Doe's admissions that she fabricated her claims against Mr. Carter, her lawyers have continued to seek to hide this reality, including through further extortionate threats and demands by Buzbee, Fortney and their New York co-counsel on February 28. Even after all this, Mr. Carter does not wish to expose his malicious and wrongful accuser's identity in his complaint and seeks to maintain her anonymity as "Doe." But the extortion and abuse of Mr. Carter by Doe and her lawyers must stop.

3.　Therefore, Mr. Carter has been compelled to bring this lawsuit to hold Doe accountable for her willful defamation *per se* and her malicious prosecution of knowingly false allegations against Mr. Carter that Doe and her co-conspirator attorneys have falsely and

maliciously peddled.

4. Mr. Carter moves the Court to allow him to sue Doe under a pseudonym because, upon information and belief, Doe has a history of mental illness and medical vulnerabilities, including instances of self-harm. Mr. Carter is concerned that, by using Doe's real name, Doe would be subject to (potentially harmful to her) media scrutiny, and thus there is a strong interest in maintaining the confidentiality of Doe's identity.

5. Although parties to a lawsuit generally must identify themselves in their pleadings, *see* Fed. R. Civ. P. 10(b), a party may proceed using a fictitious name when the party has a substantial privacy right that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings. *See Doe v. Georgia Dep't of Corr.*, No. 24-11382, 2024 WL 5200055, at *2 (11th Cir. Dec. 23, 2024) (noting that the Court has found a substantial privacy interest in cases involving mental illness). That is, a fictitious party can be used in an exceptional case "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [person]'s identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

6. In addition, there is no risk of unfairness to Doe here, and allowing Mr. Carter to sue her under a pseudonym will not inhibit Doe from defending herself against the allegations raised in this lawsuit. Indeed, Doe made some of the defamatory statements at issue in this case to NBC News in an interview where her real identity was masked.[1]

---

[1] Mr. Carter did not even learn of Doe's real identity until February 21, 2025—less than two weeks ago.

FOR THESE REASONS, Mr. Carter respectfully moves the Court to allow him to bring his claims against Defendant Jane Doe using a pseudonym.

Respectfully submitted,

/s/ William G. Somerville
WILLIAM G. SOMERVILLE
W. PATTON HAHN
JADE E. SIPES
Attorneys for Plaintiff

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203-5202
Telephone: (205) 244-3821
wsomerville@bakerdonelson.com
phahn@bakerdonelson.com
jsipes@bakerdonelon.com