IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN COREY CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. ACT. NO. 1:25-cv-86-TFM-MU |
| ANTHONY BUZBEE, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This civil action is before the Court on review of subject matter jurisdiction *sua sponte*.[1] This case was filed in federal court with the Plaintiff's complaint which alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.; see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

At present the allegations of Plaintiff's Amended Complaint are insufficient to clearly establish jurisdiction based upon diversity for two reasons which the Court will address in detail below.

A.   **Limited Partnerships**

First, at present the Amended Complaint is insufficient to clearly establish jurisdiction based upon diversity because it does not indicate the full citizenship of all partners (limited or general) for the limited partnership. In *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990), the United States Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. *Id.* at 195-96; *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Carden* and noting "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."). "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and **all the partners of the limited partnership**." *Rolling Greens*, 374 F.3d at 1022.

With regard to Defendant Anthony G. Buzbee LP, fortunately the Court also has the Disclosure Statement filed by the Defendant. *See* Doc. 24. In the Disclosure Statement, it states

that "Anthony G. Buzbee LP is a privately held Texas limited partnership whose two partners are Anthony G. Buzbee and Services by AGB, L.L.C. The sole member of Services by AGB, L.L.C. (a privately held limited liability company) is Anthony G. Buzbee, who, as stated above, resides in Texas. Because Anthony G. Buzbee LP's two partners are citizens of Texas, Anthony G. Buzbee LP is also deemed a Texas citizen." Therefore, despite the fact this is not in the Amended Complaint, the Court will accept the citizenship of Anthony G. Buzbee LP and AGB LLC is the State of Texas.

However, the same cannot currently be said for Defendant Curis Law. *See* Doc. 29 at 8, ¶ 20. In the Amended Complaint, Plaintiff states "Defendant Curis Law is a law firm organized under the laws of the State of New York and operates its principal place of business from New York, New York. No members of Defendant Curis Law's limited partnership reside in the State of California." As discussed in detail further below with regard to individual defendants, "residency" is not the same as citizenship. Moreover, making a blanket assertion that no members reside in a location is not the same as "list[ing] the citizenships of all the members." *Rolling Greens*, 374 F.3d at 1022.

Therefore, Plaintiff must further amend his complaint to reflect the citizenship(s) of each and every entity based on the nature of that entity. Given that he must do so because of Curis Law, the Second Amended Complaint should also correct the deficiency as it relates to Defendants Anthony G. Buzbee LP and AGB LLC such that the Court is not having to incorporate by reference the Disclosure Statement to clear up citizenship.

**B.      Individual Defendants**

Second, the Amended Complaint also fails to specifically and affirmatively allege citizenship of all individual parties and instead relies upon residency.

The law of this circuit is clear that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person[,]" *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994), and that "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, internal quotations, and footnote omitted).

That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick,* 293 F.3d at 1258) (internal quotations omitted and emphasis added); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").[2]

---

[2] While "[r]esidence alone is not the equivalent of citizenship, … the place of residence is prima facie the domicile" when there is an evidentiary challenge to a party's citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *accord Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (Steele, J.) ("[W]hile the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile."). Nevertheless, the fact that residence may be *prima facie* evidence of domicile does not relieve the party invoking diversity jurisdiction of the burden of alleging a natural person party's place of domicile/citizenship, rather than simply that party's place of residence. The Eleventh Circuit has repeatedly held that mere allegations of residence do not satisfy that pleading burden. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of

With regard to Defendant Anthony Buzbee and David Fortney, the Court again can see the citizenship of these defendants through their Disclosure Statement. *See* Doc. 24. The Disclosure Statement indicates "Anthony Buzbee and David Fortney are both individual citizens of Texas, where they each reside." *Id*. at 2.

The same cannot be said for the newly added individual Defendant Antigone Curis. The Amended Complaint states "Defendant Antigone Curis is an attorney and resident of the State of New York." Doc. 29 at 8, ¶ 19. As noted above, residency is insufficient standing alone to establish citizenship.

Therefore, Plaintiff must further amend his complaint to reflect the citizenship of the individual defendants and not solely residency. Given that he must do so because of Antigone, the Second Amended Complaint should also correct the deficiency as it relates to Defendants Anthony Buzbee and David Fortney such that the Court is not having to incorporate by reference the Disclosure Statement to clear up citizenship.

## Conclusion

Plaintiff is **ORDERED** to file no later than **May 16, 2025**, a second amended complaint that corrects the above-described deficiencies in its allegations regarding diversity of citizenship under § 1332(a).[3]

Despite the need for a further amended complaint, in accordance with Fed. R. Civ. P.

---

citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added)).

[3] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

15(a)(2), Plaintiff filed his Amended Complaint (Doc. 29) with the written consent of the parties (Doc. 28). As a result, it became the operative complaint and the motions to dismiss (Docs. 21, 26) are **DENIED as moot**.

However, the Court suspends the requirement to file their answers or other responsive pleadings until the filing of the second amended complaint. At that point, the previously existing Defendants shall file their answers or other responsive pleadings in accordance with Fed. R. Civ. P. 15(a)(3) from the date of the filing for the second amended complaint.

**DONE** and **ORDERED** this 6th day of May, 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE