# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAWN COREY CARTER,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BUZBEE, DAVID FORTNEY, ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), ANTIGONE CURIS, CURIS LAW, PLLC and JANE DOE,<br><br>Defendants. | Case No. 1:25-CV-00086-TFM-MU |

## PLAINTIFF SHAWN COREY CARTER'S MEMORANDUM OF LAW IN OPPOSITION TO THE CURIS DEFENDANTS' MOTION TO DISMISS

William G. Somerville
W. Patton Hahn
Jade E. Sipes
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Ste. 2600
Birmingham, Alabama 35226
wsomerville@bakerdonelson.com
phahn@bakerdonelson.com
jsipes@bakerdonelson.com

*Attorneys For Plaintiff Shawn Carter*

**Table of Contents**

Preliminary Statement ........................................................................................................................1

Argument ............................................................................................................................................4

    I.     The Court Has Personal Jurisdiction Over The Curis Defendants .................................4

    II.    Venue Is Proper In This District ......................................................................................10

          A.     The Curis Defendants Do Not Challenge Venue as to the Conspiracy to Commit Malicious Prosecution and Abuse of Process, and as such the Court has Pendant Jurisdiction over All Claims ..........................................................10

          B.     Venue is Proper as to the Malicious Prosecution and the Abuse of Process Claims ..................................................................................................................11

    III.   Mr. Carter States A Claim For Malicious Prosecution, Abuse of Process and Conspiracy ........................................................................................................................13

## Table of Authorities

Page(s)

Other Authorities

976 So. 2d 438 (Ala. 2007) ............................................................................................. 7

*Dallas v. Fassnacht*,
    42 N.Y.S.2d 415 (1943) ........................................................................................ 8, 9

*Emanuel v. Griffin*,
    No. 13-cv-1806, 2013 WL 5477505 (S.D.N.Y. Oct. 2, 2013) ................................. 13

*Ex parte Alamo Title Co.*,
    128 So. 3d 700 (Ala. 2013) ................................................................................ 4, 6, 7

*Ex parte Maint. Grp.. Inc.*,
    261 So. 3d 337 (Ala. 2017) ................................................................................ 4, 5, 6

*Ex parte McInnis*,
    820 So. 2d 795 (Ala. 2001) ...................................................................................... 5, 9

*Ex parte Reindel*,
    963 So. 2d 614 (Ala. 2007) ........................................................................... 6, 7, 9, 10

*Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*,
    956 F. Supp. 2d 1323 (M.D. Ala. 2012) ................................................................. 12

*Honzawa v. Honzawa*,
    701 N.Y.S.2d 411 (1st Dep't 2000) ................................................................... 13, 14

*J & M Assocs., Inc. v. Romero*,
    488 Fed. App'x, 373 (11th Cir. 2012) ....................................................................... 5

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003) ......................................................................... 11, 12

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................................................... 5

*Legal Additions LLC v. Kowalski*,
    2009 U.S. Dist. LEXIS 41835 (N.D. Cal. Apr. 30, 2009) ...................................... 10

*Martensen v. Koch*,
    942 F. Supp. 2d 983 (N.D. Cal. 2013) .................................................................... 10

*Matthews v. Brookstone Stores, Inc.*,
    469 F. Supp. 2d 1056 (S.D. Ala. 2007) .................................................................... 8

*McLaughlin v. Copeland*,
   435 F. Supp. 513 (D. Md. 1977) ............................................................................................... 9

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*,
   863 F. Supp. 2d 928 (N.D. Cal. 2012) ..................................................................................... 10

*Mitrano v. Hawes*,
   377 F.3d 402 (4th Cir. 2004) ................................................................................................... 11

*Sapienza v. Notaro*,
   172 A.D.3d 1418, 102 N.Y.S.3d 291 (2d Dep't 2019) ............................................................ 14

*Schierloh v. Kelly*,
   2 N.Y.S.2d 188 (N.Y. Sup. Ct. 1938) ........................................................................................ 8

*SE Prop. Holdings, LLC v. Center*,
   No. CIV.A. 15-0033-W, 2015 WL 4478154 (S.D. Ala. July 21, 2015) ............................. 11, 12

*Vernes v. Phillips*,
   266 N.Y. 298 (1935) ................................................................................................................... 8

*Wenger Tree Serv. v. Royal Trucks & Equip, Inc.*,
   853 So. 2d 888 (Ala. 2002) ...................................................................................................... 10

Regulations

28 U.S.C. § 1391(b) ......................................................................................................................... 11

## Preliminary Statement

Defendants Antigone Curis and Curis Law, PLCC (collectively, the "**Curis Defendants**"), conspired with Defendants Anthony Buzbee, David Fortney, and Anthony G. Buzbee LP (collectively, the "**Buzbee Defendants**") and Defendant and Alabama resident Jane Doe to file a knowingly false and malicious lawsuit ("**SDNY Action**") against Mr. Carter so that they could pressure and extort a settlement payment. Specifically, after Sean "Diddy" Combs' bombshell criminal indictment in September of 2024, the Buzbee Defendants launched an aggressive campaign to solicit clients in Alabama and across the United States to sue Combs. Second Amended Complaint, ECF No. 32 ("**SAC**"), at ¶¶ 29-34. Within a matter of days, the Buzbee Defendants announced that they represented 120 "corroborated, vetted" clients who intended to sue Combs. Doe – who has since confessed that Mr. Carter "did not sexually assault [her]' and that Buzbee "pushed [her] towards going forward with the false story against Mr. Carter . . . to make the case better and get them more money" – then hired the Buzbee Defendants. *Id*. at ¶¶ 5, 47-53

But the Buzbee Defendants had two roadblocks. ***First***, while Buzbee is admitted to practice in the State of New York, neither Buzbee nor Defendant Fortney is admitted to practice in the United States District Court For the Southern District of New York ("**SDNY**"), which encompasses Manhattan. SAC at ¶ 47. ***Second***, the extended statute of limitations provided for in the New York City Victims of Gender-Motivated Violence Protection Law, which the Buzbee Defendants were relying on to bring their claims, was fast expiring. Accordingly, the Buzbee Defendants and Doe conspired with the Curis Defendants to use Curis' admission and consequent electronic filing access to the SDNY, to quickly file their fraudulent and baseless claims against Mr. Carter in federal court, in a public filing available to anybody with a PACER account. *Id*. ¶ 48. Without the Curis Defendants' involvement, the Buzbee Defendants and Doe risked exceeding

the statute of limitations and having their extortionate scheme permanently and procedurally blocked. *See id*. ¶¶ 19–20.

The Curis Defendants could have been – and was obliged to be – the final backstop preventing the Buzbee Defendants and Doe from filing the knowingly false SDNY Action. Yet the Curis Defendants abdicated their professional and other duties by joining the conspiracy and rubberstamping Doe's complaint by using her electronic filing credentials to file the complaint in the SDNY. And Curis did so without conducting **any** vetting of Doe's allegations – let alone speaking to Doe – which would have quickly revealed Doe's obvious and demonstrable falsehoods.

The Buzbee Defendants and the Curis Defendants employed this same shadow litigation tactic to file dozens over other lawsuits against Combs in the SDNY using Curis' credentials, including in *McCrary v. Combs et al.,* Case No. 1:24-cv-08054 (S.D.N.Y.). *Id*. ¶¶ 49-50. In *McCrary*, District Judge Vyskocil denied Buzbee's desperate motion to appear in the case *pro hac vice* and motion to withdraw his representation. *Id*. ¶ 50 In her Order, Judge Vyskocil found that:

- "Buzbee had previously improperly filed numerous actions in this Court and scores of submissions in this case and other cases, using the ECF credentials of another attorney, without having even applied for regular or pro hac vice admission to the United States District Court for the Southern District of New York."

- Curis's "complicity" in Buzbee's "improper conduct may be grounds for sanctions."

- Buzbee's application for admission to the SDNY was "belated" and denied because "he had appeared in cases without seeking admission."

- Curis filed an undated declaration attesting that Buzbee told her that he was never "denied admission" by any Court, despite the Grievance Committee's Order, which was annexed to Buzbee' Affidavit in support of his PHV motion, doing just that.

- "Mr. Buzbee improperly filed and litigated this case using the ECF credentials of local counsel, whose apparent complicity in his improper conduct *may be grounds for sanctions*."

- Plaintiff's counsel is on notice that further failure to comply with the procedural rules that govern [the SDNY] and her ethical responsibilities *will have grave consequences*."

*Id*. Embarrassed by Judge Vyskocil's crushing order, Curis filed a letter to Judge Vyskocil stating that her assertion that Buzbee improperly filed and litigated the case using Curis's ECF credentials was "simply not true." Curis represented that "***I reviewed all documents in this case and filed them under my ECF because I approved them***." *Id*. ¶ 51 (emphasis added). Then, Judge Vyskocil ordered Curis to show cause "why she should not be sanctioned for making false or misleading statements to the Court" when she "represents in her Letter that she 'reviewed' and 'approved' 'all documents' before filing them on ECF, [but] filed a document that directly contradicted her own affidavit." *Id*. at 52

In this case, Curis has now submitted an affidavit that – like her previous submission in the SDNY – is misleading and does nothing to defeat Mr. Carter's claims. Although the Curis Defendants attempt to distance themselves from Doe and the Buzbee Defendants, the Curis Defendants do *not* deny conspiring with the Buzbee Defendants and Doe to file a false and malicious lawsuit against Mr. Carter. Nor could they, because it is undeniable. Instead, the Curis Defendants are left to argue that this Court does not have personal jurisdiction over them.

But this Court has jurisdiction over the Curis Defendants because of their participation in the conspiracy, and any alleged lack of specific contacts with Alabama by Defendant Curis (as stated in her affidavit) is irrelevant under Alabama's jurisdictional law. In short, the Curis Defendants were active participants in a conspiracy with the Buzbee Defendants to use an Alabama resident, Doe, to extort money from Mr. Carter by making false accusations in a meritless lawsuit, filed using Curis' admission to the SDNY, and that subjects them to suit in this Court under the doctrine of conspiracy jurisdiction.

Finally, because the Curis Defendants "join with, adopt, and incorporate in their entirety" the arguments of the Buzbee Defendants in Sections I, II, and III of their Motion to Dismiss (ECF No. 43), Mr. Carter joins with, adopts, and incorporates the entirety of his response to the Buzbee Defendants' Motion to Dismiss (ECF No. 64).

## Argument

### I. The Court Has Personal Jurisdiction Over The Curis Defendants

The Curis Defendants spend only two paragraphs disputing the applicability of conspiracy jurisdiction. ECF No. 56 at 10. In the first paragraph, they adopt the Buzbee Defendants' Motion to Dismiss. *Id.* But, as explained in Mr. Carter's response to the Buzbee Defendants' Motion to Dismiss (*see* ECF No. 64 at § I), conspiracy jurisdiction does exist and has been recognized by both Alabama state and federal courts (including this Court). In the second paragraph, the Curis Defendants admit that Alabama has accepted conspiracy jurisdiction in certain circumstances, but attempt to draw a distinction that is not grounded in the case law to argue that they are not subject to conspiracy jurisdiction.

The Curis Defendants argue that conspiracy jurisdiction over a defendant can exist only if the plaintiff is a resident of Alabama. *Id.* (citing *Ex parte Maint. Grp. Inc.*, 261 So. 3d 337, 347 (Ala. 2017)). The case they cite, *Ex parte Maintenance Group,* acknowledges the existence of conspiracy jurisdiction if "a conspirator commits an overt act in furtherance of the conspiracy in the forum sufficient to subject that conspirator to jurisdiction in the forum." *Id.* (citing *Ex parte Alamo Title Co.,* 128 So. 3d 700, 713 (Ala. 2013)) ("To establish personal jurisdiction under a conspiracy theory, the plaintiff must plead with particularity the conspiracy as well as the overt acts with the forum taken in furtherance of the conspiracy.") (cleaned up)). Nowhere in *Ex parte Maintenance Group* or *Ex parte Alamo Title Company* is the location of the plaintiff's residence a relevant factor in the court's analysis of conspiracy jurisdiction. And for good reason; if a

conspiracy exists and acts in furtherance of the conspiracy occurred in Alabama, whether the plaintiff (or any other party) resides in Alabama or not becomes superfluous because there already is a sufficient basis for jurisdiction. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 780 (1984) ("[P]laintiff's residence in the forum State is not a separate requirement, and lack of residence will not defeat jurisdiction established on the basis of defendant's contacts"). Rather, a defendant subjects herself to conspiracy jurisdiction in the state because overt acts in furtherance of the conspiracy occurred in Alabama. *See J & M Assocs., Inc. v. Romero*, 488 Fed. App'x, 373, 375 (11th Cir. 2012) ("To establish personal jurisdiction under a conspiracy theory, the plaintiff must "plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." (quoting *Ex parte McInnis*, 820 So. 2d 795, 806–07 (Ala. 2001)).

In *Ex parte Maintenance Group*, the plaintiff was a Delaware limited-liability company with its principal place of business in Georgia. 261 So. 3d at 339. The plaintiff contracted to purchase an aircraft from a defendant Nevada limited-liability company with its principal place of business in Florida. *Id.* The defendant agreed to fix certain maintenance issues related to the aircraft prior to closing, and when it allegedly failed to do so, the plaintiff filed suit in Alabama. *Id.*

The Alabama Supreme Court, faced with the question of whether an Alabama court had personal jurisdiction over the Nevada limited liability company defendant, held that because the aim of the conspiracy was to sell the aircraft to the plaintiff without incurring the costs of the agreed-to maintenance, and the only contacts with Alabama alleged by the plaintiff were flights to Alabama that occurred *after* the purchase of the aircraft, these contacts had occurred after the conspiracy was complete, and therefore conspiracy jurisdiction did not exist. *Id.* at 348. In other words, operating the aircraft in Alabama *after* the conspiracy was complete was not an overt act

in furtherance of the alleged conspiracy to induce the purchase of the aircraft. *Id* Moreover, the flights to Alabama had only a "tenuous connection" to Alabama. *Id.* at 349. Specifically, the Court reasoned:

> In sum, [plaintiff] alleges tortious conduct related to the sale of an aircraft negotiated and consummated outside Alabama by nonresident parties, the only contact with Alabama being post-purchase travel into and out of Alabama. We conclude that, based on the evidence before the trial court, [plaintiff] has not established a sufficient nexus between [defendant]'s purposeful activity within Alabama and the claims made in its action sufficient to subject [defendant] to personal jurisdiction in an Alabama court. Accordingly, [defendant] has shown a clear legal right to the dismissal of the complaint on the ground that the trial court lacks personal jurisdiction over it.

*Id.* None of the court's analysis turned on the location of the plaintiff, even though the plaintiff was not an Alabama resident or corporation.

The Curis Defendants' argument relies entirely on *dicta* in *Ex parte Maintenance Group* and *Ex parte Alamo Title Company*, in which the Alabama Supreme Court stated: "Alabama courts have recognized that, in an appropriate case, specific jurisdiction can be based on the conspiratorial activity of a nonresident defendant aimed at an *Alabama plaintiff*." *Id.* at 347 (emphasis added) (citing *Ex parte Alamo Title Co.*, 128 So. 3d 700, 713 (Ala. 2013)). But no Alabama court has *ever* held that conspiracy jurisdiction *only* exists when the plaintiff is an Alabama resident. In fact, in tracing the origins of this *dicta*, it becomes clear that residency of the plaintiff is immaterial to the conspiracy jurisdiction analysis.

For example, the court in the *Ex parte Alamo Title Company* case relied on *Ex parte Reindel,* 963 So. 2d 614 (Ala. 2007), as authority for the subject quote. In *Ex parte Reindel*, the court expressly *rejected* the argument that because the alleged conspiracy was not expressly aimed at Alabama or directed at any identified or identifiable Alabama plaintiff, the alleged conspiracy could not confer personal jurisdiction. *Id.* at 618. In that case, the Alabama Supreme Court

- 6 -

reasoned that, because the out-of-state defendant failed to controvert that a conspiracy existed and that overt acts in furtherance of that conspiracy occurred in Alabama, the trial court properly denied the defendant's motion to dismiss for lack of personal jurisdiction. *Id.* at 624 ("In summary, the trial court did not err in denying the petitioners' motion to dismiss the claims against them. This Court has previously recognized – albeit in the abstract – that personal jurisdiction may be grounded on a conspiracy theory of imputed conduct.").

Likewise, the court in *Ex parte Alamo Title Company* also cited to *Ex parte Barton*, a case in which the plaintiff happened to be an Alabama resident, but that particular fact was not discussed by the Court in its analysis. 976 So. 2d 438, 446–47 (Ala. 2007). The *Ex parte Barton* court noted that "[a]llegations of fraud or a civil conspiracy, in certain circumstances, have been held to be sufficient to establish personal jurisdiction over an alleged out-of-state conspirator." *Id.* at 443. The court held that because the defendants failed to controvert the allegations of a conspiracy against the plaintiff, they had not established a prima facie case that the trial court lacked personal jurisdiction. *Id.* at 447. There was no statement that conspiracy jurisdiction only existed because the plaintiff was an Alabama resident.

Here, Mr. Carter alleges a conspiracy involving the Curis Defendants to extort a payment through a malicious prosecution. *See* SAC at 47, ¶ 162 ("The Defendants agreed and worked together and planned, and knowingly and willfully conspired, to maliciously prosecute and abuse the legal process against Mr. Carter. The Defendants agreed to initiate and continue the false and malicious lawsuit in the shared objective of extorting Mr. Carter through false and damaging accusations, thereby causing harm to his reputation and financial wellbeing."). The Curis Defendants were integral to the implementation and success of the conspiracy. Without the Curis Defendants' active participation, the malicious lawsuit brought by Doe (an Alabama resident)

through the Buzbee Defendants, could not have been filed and the conspiracy and its attempted extortion would have failed. Mr. Carter also alleges that the Curis Defendants and/or their co-conspirators took overt acts in furtherance of the conspiracy in Alabama.[1] *Id*. ¶¶ 47-53. This is enough under Alabama law to establish conspiracy jurisdiction. *See Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1068 (S.D. Ala. 2007) (stating, in a case not involving an Alabama resident plaintiff, "[s]imply put, then, conspiracy jurisdiction requires an overt act in the forum state").

Contrary to the Curis Defendants' footnote argument that there can be no conspiracy because all participants in the conspiracy would be in an attorney-client relationship (ECF No. 56 at 10 n.2), there is no prohibition against attorneys and their clients participating in a conspiracy together. Indeed, "the mere fact that one is an attorney acting in a professional capacity does not make him absolutely immune from responsibility for his wrongful acts." *Dallas v. Fassnacht*, 42 N.Y.S.2d 415, 417 (1943) (holding that "an attorney is personally liable to a third party who sustains an injury in consequence of his wrongful act or improper exercise of authority where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act"); *see also Vernes v. Phillips*, 266 N.Y. 298, 301 (1935); *Schierloh v. Kelly*, 2 N.Y.S.2d 188 (N.Y. Sup. Ct. 1938). Thus, to survive a motion to dismiss, Mr. Carter's claim "based upon an alleged conspiracy

---

[1] In this case, as part of their conspiracy, the Buzbee Defendants took several "overt acts" within Alabama in furtherance of the conspiracy. The *first* act within Alabama was when they solicited Doe as a client to file the initial lawsuit against Mr. Carter, while knowing that Doe was in and a resident of Alabama. SAC ¶¶ 32, 35–36. Before filing the lawsuit, and as the *second* overt act within Alabama, the Buzbee Defendants hatched the idea of the conspiracy with Doe and communicated with her in Alabama to further that scheme. Further, after filing the initial lawsuit, and as the *third* overt act within Alabama, the Buzbee Defendants had several key conversations with Doe while she was in Alabama to discuss the strategy for the initial lawsuit and to continue to execute their ongoing scheme. *Id*. at 21, ¶¶ 59, 61; *id.* at 25, ¶ 74. The Buzbee Defendants, in their *fourth* and *fifth* overt acts, traveled to Alabama to meet with Doe in person regarding their conspiracy, and in their *sixth* and final overt act, the Buzbee Defendants facilitated Doe's participation in a defamatory interview with NBC News – which occurred in the presence of Defendant Fortney – by providing her with a flight from Alabama to Texas, where the interview was conducted. *Id.* at 8, ¶ 17; *id.* at 36, ¶ 121; *id.* at 27, ¶ 82. And following the interview, Defendant Fortney traveled to Alabama to meet with Doe.

between [Doe] and her attorney[s] . . . [must] allege[] sufficient facts to show that [Doe] and her attorney[s] instituted a baseless action against him." *Dallas*, 42 N.Y.S 2d at 417 (dismissing a conspiracy claim because, unlike here, "it contain[ed] no allegations of fact which [we]re sufficient to support th[at] claim"). That is the very essence of Mr. Carter's complaint: that the Curis Defendants, the Buzbee Defendants and Doe instituted a baseless action as part of their broader conspiracy to extort and defame Mr. Carter.

To be sure, the conspiracy averments in the complaint must exceed "bald speculation" and mere conclusory assertions. *Ex parte Reindel,* 963 So. 2d at 623 (citing *Ex parte McInnis,* 820 So.2d 795, 806–07 (Ala. 2001)). And they clearly do. Indeed, this burden is not heavy, especially "[w]hen determination of the jurisdictional facts is intertwined with and may be dispositive of questions of ultimate liability." *Id.* (citing *McLaughlin v. Copeland,* 435 F. Supp. 513, 530 (D. Md. 1977)). This is so because "[t]o require a more substantial showing in a case alleging a civil conspiracy would be . . . 'harsh, if not impossible' in view of the difficulties of pleading and proving a conspiracy.'" *Id.* (citation omitted).

The Curis Defendants do not deny the existence of a conspiracy. The Curis Defendants do not deny benefitting from that conspiracy, participating in that conspiracy, or that they were following instructions from the Buzbee Defendants pursuant to the conspiracy. Nor do they deny that the overt actions in furtherance of that conspiracy occurred in Alabama. Instead, they simply provide a laundry list of specific contacts that they did not have in Alabama and contacts that they did have that were limited to New York. *See* ECF No. 56-1. Alabama courts, however, have rejected self-serving affidavits like this as failing to sufficiently dispute conspiracy jurisdiction. *See Ex parte Reindel*, 963 So. 2d at 623 ("The affidavits are addressed, instead, to a more conventional bases of jurisdiction, such as those embodied in the 'laundry-list' provisions of Rule

4.2 before its 2004 amendment. However, the fact that a jurisdictional basis [is] not found within the laundry list 'does not prevent a threshold finding of jurisdiction under the conspiracy theory,' pursuant to Rule 4.2(b).") (citation omitted)). Because the Curis Defendants' affidavit does not controvert the existence of the conspiracy, the jurisdictional allegations under this theory must be considered true. *Id.* (citing *Wenger Tree Serv. v. Royal Trucks & Equip, Inc.*, 853 So. 2d 888, 894 (Ala. 2002)).

Mr. Carter has alleged a civil conspiracy against the Curis Defendants, and overt acts in furtherance of that conspiracy that occurred in Alabama. Under the conspiracy theory of jurisdiction, the Curis Defendants' Motion to Dismiss for lack of personal jurisdiction is therefore due to be denied.

## II. Venue Is Proper In This District

### A. The Curis Defendants Do Not Challenge Venue as to the Conspiracy to Commit Malicious Prosecution and Abuse of Process, and as such the Court has Pendant Jurisdiction over All Claims

The Curis Defendants do not challenge venue as to Mr. Carter's claims for Conspiracy to Commit Malicious Prosecution and Abuse of Process.[2] Given the litany of unrefuted allegations concerning the Defendants' conspiracy to extort Mr. Carter, any such challenge would be unsuccessful. However, as the Curis Defendants have failed to challenge venue as to Mr. Carter's conspiracy claim, venue is deemed appropriate. Once venue is found to be proper as to one claim, the Court may exercise pendent venue to adjudicate closely related claims. *Martensen v. Koch*, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013) (citing *Legal Additions LLC v. Kowalski*, 2009 U.S. Dist. LEXIS 41835, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009) and *McNeary-Calloway*

---

[2] *See* ECF No. 56 at 12 (challenging whether events pertaining only to malicious prosecution and abuse of process occurred in Alabama).

*v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 965 (N.D. Cal. 2012)). As a result, the Court has pendant jurisdiction over all of Mr. Carter's claims against the Defendants.

### B. Venue is Proper as to the Malicious Prosecution and the Abuse of Process Claims

The Curis Defendants base their opposition to venue on the false premise that no actions pertinent to Mr. Carter's claims occurred in this district. *See* ECF No. 56 at 11. The Curis Defendants are not only mistaken as to the facts alleged, they misapply the proper standard governing venue to those facts.

In conducting an analysis under 28 U.S.C. § 1391(b) to determine whether a "substantial part" of the events giving rise to the claim occurred in the forum district, the court "should review the entire sequence of events underlying the claim." *SE Prop. Holdings, LLC v. Center*, No. CIV.A. 15-0033-W, 2015 WL 4478154, at *1 (S.D. Ala. July 21, 2015) (quoting *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). As recognized in the Eleventh Circuit, the events to be considered under a § 1391(b) analysis are those that bear a close relationship to the wrong being complained about. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (holding that the correct standard is only whether "those acts and omissions . . . have a close nexus to the wrong.").

As Mr. Carter alleges in the Second Amended Complaint, the Curis Defendants along with Jane Doe and the Buzbee Defendants, conspired to extort Mr. Carter, in a sinister plan hatched through communications with Jane Doe while she was present in this district. *See* SAC at ¶ 27 ("[T]ogether, [the Defendants] hatched and pursued a malicious conspiracy to extort Mr. Carter from this District."); *id*. at ¶ 53 ("Curis knowingly and intentionally filed a complaint against Mr. Carter which contained false allegations for the purpose of leveraging a settlement for a conspiracy that was hatched in Alabama."); *id*. at ¶ 59 ("The conspiracy against Mr. Carter was, therefore, hatched within the Southern District of Alabama as it arose out of activities directly related to and arising from contacts with Doe in the Southern District of Alabama."). Once their malicious plan

had been developed, the Curis Defendants assisted the Buzbee Defendants and Jane Doe by facilitating their three-step scheme. *See id*. at ¶¶ 69–70, 76–77, 79. The Curis Defendants first filed a complaint that did not name Mr. Carter – designating Jane Doe's alleged rapist Celebrity "A" – in order to try and gain leverage over Mr. Carter in fear of being named for a heinous act and crime he did not commit. *Id.* at ¶¶ 69–70. After Mr. Carter refused to respond to the extortionist demands made in the November 5, 2024 letter, the Curis Defendants filed the amended complaint and accused Mr. Carter of being Jane Doe's alleged rapist. *Id.* at 26 ¶ 79. The Curis Defendants have not refuted these allegations or denied their participation in developing and executing the scheme to extort Mr. Carter, and this participation is thus presumed to be true. *See Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1327 (M.D. Ala. 2012) ("The court will assume that facts alleged in the plaintiff's complaint are true if they are not controverted by the defendant."). In considering the "entire sequence of events", the agreement and plan to extort Mr. Carter by using heinous and knowingly false allegations are part-and-parcel with the SDNY Action. *SE Prop. Holdings, LLC*, 2015 WL 4478154, at *1. Indeed, the false and malicious agreement and plan to extort Mr. Carter that was formed in this district is central to each of Mr. Carter's claims – including those brought against the Curis Defendants. *See* SAC at ¶¶ 137–148 (describing illegitimate purpose to extort Mr. Carter in claim for malicious prosecution and lack of "probable cause" in pursuing SDNY Litigation); *id*. ¶¶ 141–161 (describing "improper purpose" to extort Mr. Carter through knowingly false claims); *id*. ¶ 162 (describing the agreement to "initiate and continue the false and malicious lawsuit in the shared objective of extorting Mr. Carter[.]"). Where the agreement amongst the Defendants is so related and integral to the claims in question, it clearly bears a close nexus to the wrong at issue. *See Jenkins Brick Co.*, 321 F.3d at 1372. As such, venue is proper as to each claim.

### III. Mr. Carter States A Claim For Malicious Prosecution, Abuse of Process and Conspiracy

The Curis Defendants adopt, by reference, each of the Buzbee Defendants' arguments for dismissing Mr. Carter's malicious prosecution, abuse of process and conspiracy claims. *See* ECF No. 56 at 13. Mr. Carter therefore adopts and incorporates by reference each of the reasons why the Buzbee Defendants' arguments fail. ECF No. 64 at § III.

The Curis Defendants make only one independent argument that the Buzbee Defendants do not also make: that Mr. Carter supposedly does not plead "why the Curis Defendants knew or should have known Jane Doe's allegations were false and entirely lacked probable cause to succeed when the lawsuit was filed."[3] ECF No. 56 at 14-15. The Curis Defendants are wrong.

The Curis Defendants do not contend that they met with Doe, spoke with Doe, or saw – let alone sought – a single shred of corroborating evidence before filing the SDNY Action. Rather, the Curis Defendants permitted the Buzbee Defendants – who were not authorized to practice in SDNY – to use her electronic filing credentials to file the SDNY Action without doing **any** independent vetting of Doe's easily disprovable allegations. SAC at ¶¶ 19, 48, 92. The Curis Defendants therefore lacked probable cause to file the SDNY Action. *See Honzawa v. Honzawa*, 701 N.Y.S.2d 411, 413 (1st Dep't 2000) (finding no probable cause where "[t]he attorney who prepared that affidavit for the 27-year old Yukihiro in 1995 should have known that the affiant would have been nothing more than a precocious youngster at the time of the events of which he assertedly was personally knowledgeable"); *Emanuel v. Griffin*, No. 13-cv-1806, 2013 WL 5477505, *26 (S.D.N.Y. Oct. 2, 2013) ("Plaintiffs allege facts suggesting that Dr. Lewittes

---

[3] Each of the Curis Defendants' other arguments merely regurgitate what the Buzbee Defendants argue. *See e.g.,* ECF No. 56 at 15 (arguing no special injury), 16 (arguing no improper use of process), 17 (arguing that attorneys and clients cannot conspire).

conducted a deficient and unreliable investigation into the allegations of child abuse; this suffices to allege a lack of probable cause").

If the Curis Defendants had done *any* vetting, they would have discovered numerous factual impossibilities and inconsistencies in Doe's story. SAC at ¶¶ 66, 92-100. These included discrepancies about the location and nature of the alleged assault; the presence of supposed witnesses; and Doe's own recollections. *Id*. ¶¶ 93-100. Indeed, NBC News was able to quickly uncover inconsistencies and factual impossibilities in Doe's story, such as the location of the alleged assault, the presence of certain celebrities, and the timeline of events. *Id*. ¶ 93. And public records show Doe has a history of making false allegations and has significant mental health issues, both of which would have been easily discoverable. *Id*. ¶¶ 63, 66, 104. But having chosen not to do *any* vetting of Doe's story, the Curis Defendants lacked probable cause to bring the SDNY Action.

Moreover, in response to irrefutable proof of her lies, Doe admitted to NBC News that she "made some mistakes," contemporaneously – and shockingly – disavowing the allegations in her complaint about the location of the alleged incident, admitting she was just guessing. SAC at ¶ 102 Although Doe's NBC News Interview aired on December 13, 2024, the Curis Defendants did not dismiss the SDNY Action until February 18, 2025. Their failure to immediately dismiss the SDNY Action after "learning" of its utter baselessness (if indeed that was the first time they did so) further confirms their lack of probable cause and demonstrates the Curis Defendants' reckless disregard for the truth. *See Honzawa*, 701 N.Y.S.2d at 413*; Sapienza v. Notaro*, 172 A.D.3d 1418, 1419-20, 102 N.Y.S.3d 291, 293-94 (2d Dep't 2019) (holding that the plaintiff pled malice because the defendants "continued" the underlying lawsuit "with the improper purpose of extorting a settlement from" the plaintiff "based on claims that were barred by *res judicata*").

- 14 -

Accordingly, the Curis Defendants lacked probable cause to bring the SDNY Action.

Dated: July 23, 2025

                                        Respectfully submitted,

                                        /s/ W. Patton Hahn
                                        W. PATTON HAHN
                                        WILLIAM G. SOMERVILLE
                                        JADE E. SIPES

                                        *Attorneys for Plaintiff Shawn Carter*

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203-5202
Telephone: (205) 244-3821
wsomerville@bakerdonelson.com
phahn@bakerdonelson.com
jsipes@bakerdonelon.com

- 15 -

**CERTIFICATE OF SERVICE**

 I hereby certify that on July 23, 2025, the foregoing has been served upon the following defendants via the Court's electronic filing system as follows:

 Matthew Ryan Jackson
 11 N. Water St., Suite 23200
 Mobile, AL 36602
 251-433-3234
 matt.jackson@arlaw.com

 J. Blair Newman, Jr.
 11 N. Water St., Suite 13290
 Mobile, AL 36602
 251-433-3234
 bnewman@mcdowellknight.com

 Caroline T. Pryor
 Thomas Oliver II
 Alexander Townsley
 Dennis Oscar Vann
 Carr Allison
 6251 Monroe Street, Suite 200
 Daphne, AL 36526
 cpryor@carrallison.com

              /s/ *W. Patton Hahn*
              OF COUNSEL