# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAWN COREY CARTER, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY BUZBEE, DAVID FORTNEY, ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), ANTIGONE CURIS, CURIS LAW, PLLC and JANE DOE, <br><br> Defendants. | Case No. 1:25-CV-00086-TFM-MU |

**PLAINTIFF SHAWN COREY CARTER'S SUR-REPLY TO ANTHONY BUZBEE, DAVID FORTNEY AND ANTHONY G. BUZBEE LP'S MOTION TO DISMISS**

William G. Somerville
W. Patton Hahn
Jade E. Sipes
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Ste. 2600
Birmingham, Alabama 35226
wsomerville@bakerdonelson.com
phahn@bakerdonelson.com
jsipes@bakerdonelson.com

*Attorneys For Plaintiff Shawn Carter*

**Table of Contents**

Page

**Preliminary Statement** ................................................................................................................. 1

**Argument** ..................................................................................................................................... 3

I. **The Buzbee Defendants Have Failed To Establish Issue Preclusion** ........................... 3

   A. The Los Angeles, California State Court Decision Cannot Have Preclusive Effect Because It Is Subject to An Appeal and is Not "Final" ................................ 4

   B. The "Issues" That Were "Actually Litigated" and "Necessarily Decided" in the Los Angeles, California State Court Action are Not "Identical" to the Issues in the Alabama Action ................................................................................. 5

      1. The Facts, Claims And Applicable Law Are Different .............................. 6

      2. None of The Relevant Issues In The Alabama Action Were Necessarily Decided In The Los Angeles, California State Court Action ................................................................................................................ 7

II. **Applying Collateral Estoppel Would Be Fundamentally Unfair to Mr. Carter** ....... 11

**Conclusion** ................................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boblitt v. Boblitt*,
   190 Cal. App. 4th 603 (2010) ...................................................................................................4

*Boose v. Rochester*,
   71 A.D.2d 59 (4th Dep't 1979) ..................................................................................................9

*Branson v. Sun-Diamond Growers*,
   24 Cal. App. 4th 327 (1994) .....................................................................................................9

*Carter v. The Buzbee Law Firm*,
   No. 24SMCV05637 (Superior Ct. L.A. County June 30, 2025) ............................................1, 8

*Ctr. Point Llc v. Co. V.*,
   2021 Cal. Super. LEXIS 68561 ................................................................................................4

*Eichler Homes, Inc. v. Anderson*,
   9 Cal.App.3d at 234 ................................................................................................................10

*Emanuel v. Griffin*,
   No. 13-cv-1806, 2013 U.S. Dist. LEXIS 142723 (S.D.N.Y. Oct. 2, 2013) ..............................9

*Flynn v. Gorton*
   (1989) 207 Cal.App.3d 1550 (1989) ...................................................................................4, 10

*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*,
   85 Cal. App. 4th 1168 (2000) ...................................................................................................5

*Haung Tang v. Aetna Life Insurance Co.*,
   523 F.2d 811 (9th Cir. 1975) ....................................................................................................4

*Hernandez v. City of Pomona*,
   46 Cal.4th 501 (2009) ............................................................................................................6, 7

*Hernandez v. Los Angeles*,
   624 F.2d 935 (9th Cir. 1980) ....................................................................................................3

*Johnson v. GlaxoSmithKline, Inc.*,
   166 Cal. App. 4th 1497 (2008) .................................................................................................5

*Kuykendall v. State Bd. of Equalization*,
   22 Cal. App. 4th 1194 (1994) ...................................................................................................4

*Little v. U.S.*,
    794 F.2d 484 (9th Cir. 1986) ..........................................................................................4

*Long Beach Unified Sch. Dist. v. State of Cal.*,
    225 Cal. App. 3d 155 (1990) ..........................................................................................4

*Madura v. Countrywide Home Loans, Inc.*,
    344 F. App'x 509 (11th Cir. 2009) .................................................................................3

*In re Marriage of Brubaker & Strum*,
    73 Cal.App.5th 525 (2021) ..........................................................................................6, 7

*Martin v. City of Albany*,
    42 N.Y.2d 13 (1977) ......................................................................................................9

*Morgan v. Mayfield*,
    2022 Cal. Super. LEXIS 72551 .....................................................................................3

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979)......................................................................................................10

*Pooshs v. Philip Morris USA, Inc.*,
    904 F. Supp. 2d 1009 (N.D. Cal. 2012) .......................................................................10

*Sanchez v. Bezos*,
    80 Cal.App.5th 750 (2022) ...........................................................................................12

*Sandoval v. Super. Ct.*,
    140 Cal. App. 3d 932 (1983) .......................................................................................10

*Shopoff & Cavallo LLP v. Hyon*,
    167 Cal.App.4th at p. 1520 ..........................................................................................10

*Silver v. Los Angeles County Metropolitan Transportation Authority*,
    79 Cal.App.4th at 357 ..................................................................................................10

*Sweetwater Union High School Dist. v. Gilbane Building Co.*,
    6 Cal. 5th 931 (2019) ...................................................................................................12

*Tommy Hilfiger Licensing v. Nature Labs, LLC*,
    No. 99 Civ. 4677, 2002 U.S. Dist. LEXIS 7191 (S.D.N.Y. 2002) ................................9

*Tor v. Lamarque*,
    2006 U.S. Dist. LEXIS 63652 (E.D. Cal. 2006).........................................................11

*U.S. v. Brackett*,
    113 F.3d 1401 (5th Cir. 1997) .....................................................................................11

*Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.*,
   231 Cal.App.4th 134 (2014) ...........................................................................................4, 10

*United States Golf Ass'n v. Arroyo Software Corp.*,
   69 Cal.App.4th 607 ..............................................................................................................5

*United States v. Estrada-Aguirre*,
   2024 U.S. App. LEXIS 22367 (5th Cir Sept. 3, 2024) ......................................................11

*Valdez v. Imaged*,
   2024 Cal. Super. LEXIS 24321 ..........................................................................................8

*Vazquez v. Metro. Dade Cty.*,
   968 F.2d 1101 (11th Cir. 1992) ...........................................................................................3

*White Motor Corp. v. Teresinski*,
   214 Cal. App. 3d 754 (1989) .............................................................................................10

*Williams v. Drs. Med. Ctr. of Modesto, Inc.*,
   319 Cal. Rptr. 3d 741 (Cal. App. 5th 2024), *as modified* (Apr. 25, 2024) ..................3, 6, 7, 10

*Wimsatt v. Beverly Hills Weight etc. Int'l, Inc.*,
   32 Cal.App.4th 1511 (1995) ................................................................................................5

**Preliminary Statement**

In his opposition to Defendants Anthony Buzbee, David Fortney, and Anthony G. Buzbee LP's (collectively, the "**Buzbee Defendants**") motion to dismiss, Mr. Carter demonstrated that he states malicious prosecution, abuse of process, and conspiracy claims against them: the Buzbee Defendants, together with their co-counsel and client, orchestrated a calculated and malicious conspiracy to weaponize the legal system against him by filing a knowingly false lawsuit in the Southern District of New York ("**SDNY Action**") based on fabricated sexual assault allegations, all with the express intent to extort a financial settlement and inflict maximum reputational and economic harm.

Fully aware that their motion to dismiss makes, at best, factual arguments that are unresolvable at this stage, the Buzbee Defendants try to tie the Court's hands. They argue that the June 30, 2025 order from the California Superior Court, Los Angeles Division ("**Los Angeles, California State Court Decision**") in *Carter v. The Buzbee Law Firm*, No. 24SMCV05637 (Superior Ct. L.A. County June 30, 2025) ("**Los Angeles, California State Court Action**"), granting Buzbee and his firm's anti-SLAPP special motion to strike ("**SMS**"), somehow precludes the Court from considering Mr. Carter's well-plead claims and allegations in this case ("**Alabama Action**"). The Buzbee Defendants' position is baseless, and the Court should categorically reject their desperate attempt to evade accountability.

*First*, the Los Angeles, Los Angeles, California State Court Decision has no preclusive effect whatsoever because it is under appeal and is thus not a "final" order.

*Second*, issue preclusion is unavailable because the facts and issues in the Alabama Action are materially different than the facts and issues in the Los Angeles, California State Court Action. In the Los Angeles, California State Court Action, Mr. Carter sued Buzbee and the Buzbee Firm in the California Superior Court, Los Angeles Division alleging: (*a*) extortion based on demand

- 1 -

letters Buzbee sent to Mr. Carter; *(b)* defamation based on six statements Buzbee made to the press and Buzbee "liking" an X post implicating Mr. Carter in Sean "Diddy" Combs's alleged misconduct; and *(c)* intentional infliction of emotional distress ("**IIED**") based on the demand letters, statements to the press and the "like." By contrast, in the Alabama Action, Mr. Carter brings claims against the Buzbee Defendants for malicious prosecution, abuse of process, and conspiracy, which are governed by New York law, for filing a knowingly false SDNY Action based on fabricated sexual assault allegations. And the Los Angeles, California State Court Decision does not address the only issue in this case: whether the Buzbee Defendants' filing of the SDNY Action constitutes malicious prosecution and abuse of process, as part of a broader conspiracy. In fact, the judge in the Los Angeles, California State Court Decision excluded evidence ─ Jane Doe's confession that Buzbee "pushed her" to falsely implicate Mr. Carter ─ that he would likely have admitted at trial because of unique California Supreme Court precedent applicable at the SMS stage and held that "*but for the court's evidentiary ruling,* the court would come out the other way on this motion." (emphasis in original). Issue preclusion thus does not apply because the claims are different, the issues are different, the applicable law is different, and the Los Angeles, California State Court Decision did not resolve any of the issues in the Alabama Action.

   ***Third,*** even if the Buzbee Defendants established the elements of issue preclusion – they have not – the Court should decline to apply the doctrine because it would be fundamentally unfair to Mr. Carter. Doing so would deprive Mr. Carter of his constitutional right to confront his accuser (who was not a party to the Los Angeles, California State Court Action) – based on nothing more than a single order (without any additional record support), at a decidedly unique anti-SLAPP posture, and which the judge issuing the Los Angeles, California State Court Decision acknowledged would have been different if he had not excluded relevant evidence. The judge even

acknowledged that it was "painfully obvious that" that the court was "struggling with the motion" and that it "has issued a series of tentative decisions, each different (and sometimes significant so) than the one before," thus concluding with the statement that "It will be for the Court of Appeal to determine whether the court got it right or wrong, and whether the suit ought to go forward or ought to end. Stay tuned."

For these reasons and those discussed below, the Court should reject the Buzbee Defendants' issue preclusion argument and deny their motion to dismiss.

## Argument

I. **The Buzbee Defendants Have Failed To Establish Issue Preclusion**

The Buzbee Defendants' invocation of the doctrine of collateral estoppel is an exercise in obfuscation.[1] Beyond their rote recitation of the doctrine's elements, the Buzbee Defendants make no effort to actually analyze its application here (because it is wholly inapplicable) or even cite a single case applying the doctrine in the anti-SLAPP context, except for *Williams* – which explicitly refused to apply it. The Buzbee Defendants have not only failed to establish the necessary elements for application of the doctrine of offensive nonmutual collateral estoppel, but application of the doctrine here would be fundamentally unfair to Mr. Carter.

Under California law[2], "for issue preclusion to apply, the following elements must be met: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former

---

[1] Only the Buzbee Defendants attempt to raise the issue of collateral estoppel in reply, while the other defendants conspicuously avoid it. This glaring omission underscores just how flimsy and unconvincing the argument is.

[2] "[F]ederal courts considering whether to give preclusive effect to state court judgments must apply the State's law [*i.e.,* the law of the State where the original decision was rendered] of collateral estoppel." *Vazquez v. Metro. Dade Cty.*, 968 F.2d 1101, 1106 (11th Cir. 1992); Doc. 71 at 16 (citing *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 517 (11th Cir. 2009) (same)).

proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Buzbee Defendants' Reply [Doc. 71] at 15-16 (quoting *Williams v. Drs. Med. Ctr. of Modesto, Inc.*, 319 Cal. Rptr. 3d 741, 753–54 (Cal. App. 5th 2024), *as modified* (Apr. 25, 2024)). "These elements are conjunctive, meaning that if just one is unsatisfied, issue preclusion cannot apply." *Morgan v. Mayfield*, 2022 Cal. Super. LEXIS 72551. "The burden of pleading and proving the identity of issues rests on the party asserting the estoppel." *Hernandez v. Los Angeles*, 624 F.2d 935, 937 (9th Cir. 1980) (citing *Haung Tang v. Aetna Life Insurance Co*., 523 F.2d 811, 813 (9th Cir. 1975)). Where there is doubt about the application of issue preclusion, it should not apply." *Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.*, 231 Cal.App.4th 134, 186 (2014); *see Flynn v. Gorton,* 207 Cal.App.3d 1550, 1554 (1989); *cf. Little v. U.S.,* 794 F.2d 484, 487 (9th Cir. 1986) (applying federal law and noting that "if there is doubt, collateral estoppel will not be applied").

As discussed below, issue preclusion does not apply here because (A) the Los Angeles, California State Court Decision is not a "final" judgment; (B) the "issues" that were "actually litigated" and "necessarily decided" in the Los Angeles, California State Court Action are not "identical" to the issues in this case; and (C) it would be fundamentally unfair to Mr. Carter to give preclusive effect to the Los Angeles, California State Court Decision.

### A. The Los Angeles, California State Court Decision Cannot Have Preclusive Effect Because It Is Subject to An Appeal and is Not "Final"

California law is unequivocal that "[a] decision will not be given collateral estoppel effect if such appeal has been taken or if the time for such appeal has not lapsed." *Long Beach Unified Sch. Dist. v. State of Cal*., 225 Cal. App. 3d 155, 169 (1990). In fact, "a judgment that is on appeal

is not final for purposes of applying the doctrines of claim and issue preclusion." *Boblitt v. Boblitt*, 190 Cal. App. 4th 603, 606 (2010); *see also Kuykendall v. State Bd. of Equalization*, 22 Cal. App. 4th 1194, 1207 (1994). That is precisely the situation here.

In the Los Angeles, California State Court Action, Mr. Carter filed a timely Notice of Appeal with the California Court of Appeals on July 1, 2025. *See* Exhibit 1 to the Declaration of P. Hahn. That appeal remains pending. *See id*. at Exhibits 2-3. Mr. Carter has not yet exhausted all of his appellate rights, and the Los Angeles, California State Court Decision is thus not yet "final" for purposes of collateral estoppel under California law. *Boblitt*, 190 Cal. App. 4th at 606 ("[A] judgment that is on appeal is not final for purposes of applying the doctrines of claim and issue preclusion."). Because the fourth prong of *Williams* is not satisfied, collateral estoppel does not and cannot apply. *See Ctr. Point Llc v. Co. V.*, 2021 Cal. Super. LEXIS 68561 ("California law is settled that pending appeal a trial court judgment is not final and will not be given res judicata effect."); *see Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1174 (2000) ("Unlike the federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of *res judicata* is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired.").

Accordingly, the Los Angeles, California State Court Decision has no preclusive effect whatsoever.

      **B.**    **The "Issues" That Were "Actually Litigated" and "Necessarily Decided" in the Los Angeles, California State Court Action are Not "Identical" to the Issues in the Alabama Action**

"Collateral estoppel is naturally confined to issues 'actually litigated.' A corollary is that the issue decided previously be 'identical' with the one sought to be precluded." *Johnson v. GlaxoSmithKline, Inc.*, 166 Cal. App. 4th 1497, 1513 (2008) (citations omitted). "Accordingly, where the previous decision rests on a 'different factual and legal foundation' than the issue sought

to be adjudicated in the case at bar, collateral estoppel effect should be denied." *Id*. (quoting *Wimsatt v. Beverly Hills Weight etc. Int'l, Inc.,* 32 Cal.App.4th 1511, 1516–1517 (1995); and citing *United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal.App.4th 607, 617–618 1999)). Because the "issues" that were "actually litigated" and "necessarily decided" in the Los Angeles, California State Court Action are not identical to the issues in the Alabama Action, issue preclusion is inapplicable.

### 1.     The Facts, Claims And Applicable Law Are Different

The Los Angeles, California State Court Action, and thus the Los Angeles, California State Court Decision, "rest[] on a 'different factual and legal foundation' than the issue[s] sought to be adjudicated in the case at bar, [and] collateral estoppel effect should be denied." *See Johnson*, 166 Cal. App. 4th at 1513. Collateral estoppel thus does not apply.

As the Buzbee Defendants admit, "the claims in the California Action were different from the claims asserted in this action. . ." Doc. 71 at 15. In the Los Angeles, California State Court Action, Mr. Carter asserted claims against the Buzbee Defendants for extortion, defamation, and IIED. None of those claims are asserted against the Buzbee Defendants in the Alabama Action. Rather, in the Alabama Action, Mr. Carter brings claims against Mr. Carter for malicious prosecution, abuse of process, and extortion. *Williams*, 100 Cal. App. 5th at 1136 ("If an element of a cause of action or claim is not based on a specific allegation that was previously determined to constitute protected activity, then the prior anti-SLAPP ruling will not have preclusive effect.").

Moreover, the Alabama Action rests on an entirely different factual foundation than the Los Angeles, California State Court Action. In the Alabama Action, Mr. Carter alleges that the Buzbee Defendants, together with their co-counsel and client, orchestrated a calculated and malicious conspiracy to weaponize the legal system against him by filing the SDNY Action. But, unlike the Alabama Action, Mr. Carter's claims against Buzbee and the Buzbee Law Firm in the

Los Angeles, California State Court Action concerned their demand letters, statements to the press, and a social media "like." Because the claims in this case hinge on different facts, the facts and issues litigated in the Los Angeles, California State Court Action are not identical to those presented here, and collateral estoppel does not apply. *Williams*, 100 Cal. App. 5th at 1132 ("'The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings" (quoting *Hernandez v. City of Pomona*, 46 Cal.4th 501, 511–512 (2009)); *see also In re Marriage of Brubaker & Strum,* 73 Cal.App.5th 525, 538 (2021) (same).

Accordingly, because the facts, claims, and applicable law at issue in the Los Angeles, California State Court Action all differ substantially from the facts, claims, and applicable law in the Alabama Action, the Los Angeles, California State Court Decision should not and cannot be given preclusive effect.

### 2. None of The Relevant Issues In The Alabama Action Were Necessarily Decided In The Los Angeles, California State Court Action

For issue preclusion to apply, the issue must have been "actually litigated" in the Los Angeles, California State Court Action. "An issue is 'actually litigated' if it was 'properly raised, submitted for determination, and determined in [a] proceeding.'" *Williams*, 100 Cal. App. 5th at 1132 (quoting *Hernandez*, 46 Cal. 4th at 511; and citing *In re Marriage of Brubaker & Strum*, 73 Cal. App. 5th at 538). The Buzbee Defendants argue that the Los Angeles, California State Court Decision considered and rejected the following facts: (1) the Buzbee Defendants' knew the allegations in the SDNY Action were false; (2) the Buzbee Defendants failed to investigate Doe and her allegations or insufficiently investigated the allegations made by Doe before filing the SDNY Action; (3) Doe admitted the Buzbee Defendants knowingly filed the SDNY Action with false allegations for an ulterior and improper motive; (4) the Buzbee Defendants' pre-suit demand

letter was extortionate; and (5) the SDNY Action was dismissed without settlement or compromise.

The Buzbee Defendants are wrong because these issues were not resolved in the Los Angeles, California State Court Decision: it did not hold that the Buzbee Defendants did not know the allegations in the SDNY Action were false; that the Buzbee Defendants sufficiently investigated Doe and her allegations to avoid a malicious prosecution case; that Doe did not admit to knowingly filing the SDNY Action with false allegations for an ulterior and improper motive; or that the SDNY Action was settled or compromised.[3]

Instead, Judge Epstein essentially made three key holdings, none of which are applicable here. **First**, Judge Epstein held that, although he would likely admit Doe's confession at trial, unique California Supreme Court precedent prevents him from considering it at the SMS stage. Los Angeles, California State Court Decision at 24-30; *id*. at 30:6-8 ("While this court believes that under the somewhat unique facts of this case there is virtually no possibility that Doe would not testify at trial (or at deposition) in a way that would likely make the prior statement admissible, that does not seem to be enough" at the SMS stage). In fact, Judge Epstein specifically held that "but for the court's evidentiary ruling, the court *would* come out the other way on this motion." CA Decision at 63 (emphasis in original). Of course, Judge Epstein's evidentiary rulings have no bearing on this case, which is being decided at the motion to dismiss stage. *See Valdez v. Imaged*, 2024 Cal. Super. LEXIS 24321, *2 ("To the extent Griselda may contend that Olivia's claims in this case are barred by res judicata and/or collateral estoppel, Griselda fails to provide authority holding that a procedural ruling not on the merits invokes either res judicata or collateral estoppel.").

---

[3] Judge Epstein held, after excluding Doe's confession, that Buzbee's letters were not extortionate. But Mr. Carter's claims here are about the SDNY Action, not those letters.

***Second***, Judge Epstein held that Buzbee's demand letters to Mr. Carter, and most of Buzbee's statements to the press, were protected by the litigation privilege. As the Los Angeles, California State Court Decision recognizes, this holding is irrelevant to the Alabama Action because, among other things, Mr. Carter's complaint is about the Buzbee Defendants' malicious prosecution of the SDNY Action, not Buzbee's statements to the press or demand letter. CA Decision at 45 ("But bad faith is not a defense to the privilege; rather bad faith simply means that a malicious prosecution action can succeed. Because malicious prosecution is not a cause of action here, even were there a showing of bad faith based on the new evidence, the motion would succeed as to the Letters."). Indeed, the Buzbee Defendants do not, because they cannot, invoke California's litigation privilege in the Alabama Case.

***Third***, after excluding Doe's confession, Judge Epstein held that Mr. Carter did not establish that Buzbee and the Buzbee Law Firm made statements to the press and "liked" the X post with malice. Again, this holding is irrelevant to the Alabama Action, which concerns the Buzbee Defendants' filing of the SDNY Action with malice, not his statements to the press, or the "like" on X. In any event, Judge Epstein's decision was predicated on the exclusion of Doe's confession, which there is no doubt the Court can consider at the motion to dismiss stage. CA Decision at 63 (emphasis in original).

Nor does Judge Epstein's reasoning apply. In the Los Angeles, California State Court Decision, Judge Epstein observed that Buzbee's alleged failure to vet Doe's claims does not show that his statements were malicious because Buzbee did not have a "as a general matter" an "obligation to do an investigation to determine whether a client is telling the truth before making statements about the case" and the mere dismissal of the SDNY Action does not indicate knowledge of its falsity.

The Alabama Action is an entirely different matter. To plead that the Buzbee Defendants commenced and prosecuted the SDNY Action with malice under New York law, Mr. Carter need only show that the Buzbee Defendants ***lacked probable cause*** to bring the SDNY Action, which courts find is sufficient to establish malice. *See* Doc. 64 at 43-44 (citing *Martin v. City of Albany*, 42 N.Y.2d 13, *17-18 (1977) (collecting cases); *Tommy Hilfiger Licensing*, No. 99 Civ. 4677, 2002 U.S. Dist. LEXIS 7191, at *32 (collecting cases); *Boose v. Rochester*, 71 A.D.2d 59, 70 (4th Dep't 1979); *Emanuel*, No. 13-cv-1806, 2013 U.S. Dist. LEXIS 142723, at *26). And, as fully briefed in opposition to the Buzbee Defendants' motion to dismiss, Mr. Carter adequately plead the Buzbee Defendants lacked probable cause to file the SDNY Action not only because Doe confessed that her allegations were manufactured at Buzbee's direction, but also that the Buzbee Defendants abdicated the most basic professional responsibilities, including their failure to conduct any meaningful vetting of Doe's allegations.[4] Doc. 64 at 43-44. For purposes of malicious prosecution, these independent allegations are sufficient to plead actual malice. *Id.* (collecting cases).

Accordingly, none of the issues in the Alabama Action were necessarily decided in the Los Angeles, California State Court Action. Alternatively, if "[t]here is at best uncertainty regarding what was necessarily decided, [courts] resolve that uncertainty against application of issue preclusion." *Williams*, 100 Cal. App. 5th at 1140 (citing *Union Pacific Railroad Co. v. Santa Fe*

---

[4] After holding that "the fact that Jane Doe dismissed her case with prejudice . . . does not of necessity establish that the case was dismissed . . . because there was no truth to the assertion," the court observed that,'" for purposes of determining malice, that Buzbee submitted evidence indicated that the dismissal may have been "more in the nature of a negotiated 'stand down.'" But this statement was *dicta* and was not a necessary component of the court's reasoning, which hinged on the legal proposition that a dismissal is not indicia of malice. *Branson v. Sun-Diamond Growers*, 24 Cal. App. 4th 327, 348 (1994) ("statements on those matters were dicta and have no res judicata effect on the subsequent litigation"). Moreover, the court's *dicta* is irrelevant to the actual issue in this case—whether the SDNY Action *terminated* in Mr. Carter's favor. Whether Doe's dismissal was evidence of malice is simply immaterial here.

*Pacific Pipelines, Inc.,* 231 Cal.App.4th at 186; *Shopoff & Cavallo LLP v. Hyon,* 167 Cal.App.4th at p. 1520; *Silver v. Los Angeles County Metropolitan Transportation Authority,* 79 Cal.App.4th at 357; *Flynn v. Gorton*, 207 Cal.App.3d at 1554; *Eichler Homes, Inc. v. Anderson*, 9 Cal.App.3d at 234.). This Court should likewise resolve any uncertainty against application of issue preclusion, and deny the Buzbee Defendants' motion.

## II.     Applying Collateral Estoppel Would Be Fundamentally Unfair to Mr. Carter

Even if the Buzbee Defendants satisfied the formal elements of issue preclusion – which they did not – offensive issue preclusion still should not be applied if it would result in unfairness. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979) (stating the "general rule" that in cases where "the application of offensive estoppel would be unfair to a [party], a trial judge should not allow the use of offensive collateral estoppel."); *Sandoval v. Super. Ct.*, 140 Cal. App. 3d 932, 941 (1983); *Pooshs v. Philip Morris USA, Inc.*, 904 F. Supp. 2d 1009, 1034 (N.D. Cal. 2012). As such, "the offensive use of collateral estoppel [must be] closely scrutinized . . ." *White Motor Corp. v. Teresinski*, 214 Cal. App. 3d 754, 763 (1989).

***First***, Judge Epstein expressed deep apprehension about the Los Angeles, California State Court Decision, stating that, "*but for the court's evidentiary ruling*, the court would come out the other way on this motion." CA Decision at 63 (emphasis in original). Moreover, the court "emphasize[d] that this is a difficult motion, and that the new evidence has thrown a monkey wrench into the court's reasoning, or at least its original reasoning," observed that it was "painfully obvious that" it is "struggling with the motion" and that it "has issued a series of tentative decisions, each different (and sometimes significant so) than the one before" and admitted that it is "not wholly satisfied that this is the outcome that best serves the legislative and constitutional doctrines," but it "will be for the Court of Appeal to determine whether the court got it right or wrong, or whether the suit ought to go forward or ought to end. Stay tuned." CA Decision at 65:18-

23. It would be fundamentally unfair to give preclusive effect to the Los Angeles, California State Court Decision – or to rely on it for any reason – in light of the lack of confidence expressed by Judge Epstein in his opinion.

**Second**, the Los Angeles, California State Court Decision was an evidentiary decision based on an entirely different burden of proof as to admissibility to what is applicable here. *Chraghchian*, 2025 Cal. Super. LEXIS 10316 ("[a]n anti-SLAPP motion is an evidentiary motion in which the Court must rely on admissible evidence, not merely allegations in the Complaint or conclusory statements by counsel."). The Los Angeles, California State Court Decision held that, although Doe's confession to investigators concerning the falsity of the SDNY Action and Buzbee's orchestration of the false accusations would likely be admissible at trial, it was inadmissible hearsay at the SMS stage due to unique California Supreme Court precedent applicable to a an anti-SLAPP motion. CA Decision at 24-30. It would be fundamentally unfair to preclude Mr. Carter from litigating an issue with proof that the Los Angeles, California State Court refused to consider at the SMS stage, but admittedly would have considered at trial. *See United States v. Estrada-Aguirre*, 2024 U.S. App. LEXIS 22367, *5 (5th Cir Sept. 3, 2024); *see also Brackett*, 113 F.3d at 1401 (holding that "collateral estoppel d[id] not bar the government from relitigating evidence originally offered in the [first] trial, because the burden of proof governing the admissibility of evidence in the [second] prosecution is lower than the burden of proof required to establish an ultimate issue in the [first] trial"); *Tor v. Lamarque*, 2006 U.S. Dist. LEXIS 63652, *15 (E.D. Cal. 2006) ("The lower standard of admissibility for evidence relating to prior bad acts makes the doctrine of collateral estoppel . . . inapplicable.").

**Third**, California's unique procedural law ─ which does not apply here under any circumstances ─ required Mr. Carter to establish, before any discovery, a likelihood of prevailing

on his claims against the Buzbee Defendants, including by submitting evidence the court determines to be "reasonably possible" will be admissible at trial. *See Sweetwater Union High School Dist. v. Gilbane Building Co.*, 6 Cal. 5th 931, 947 (2019); *Sanchez v. Bezos,* 80 Cal.App.5th 750 (2022). By contrast, on a motion to dismiss, all well pled facts in Mr. Carter's complaint are presumed to be true and he need only plead a plausible right to relief, which he does. **Fourth**, in the Los Angeles, California State Court Action, Mr. Carter's claims all arose from the Buzbee Defendants' *speech* – either to Mr. Carter directly *(i.e.*, demand letters) or to the press (*i.e.*, Statements A-F). This distinction is critically important because the Los Angeles, California State Court Decision was based on policy considerations that are not at stake here. Judge Epstein specifically stated that "in the context of free speech, the court will be very slow to start dictating how deep the investigation needed to go to defeat actual malice. Even at this stage, when the court must view Carter's evidence liberally and cannot weigh the evidence, starting down the path will inevitably lead to a direct conflict with constitutionally protected speech." CA Decision at 62:5-9. He also stated that: "The question [of malice] therefore turns on whether the court is willing to second guess (or have a jury second guess) what a reasonable investigation ought to be. That test is potentially too heavy a burden i*n the free speech context*, and turns the robust actual malice requirement into something more of a factual hurdle that will forever be litigated, chilling speech." *Id*. at 61:21-24. Similarly, Judge Epstein dismissed Mr. Carter's IIED claims because "[t]he court believes that where the IIED is based solely on the alleged falsity of speech, that tort will stand or fall with defamation." *Id*. at 64:26-28. Here, however, there is no allegation (let alone claim) that Mr. Buzbee defamed Mr. Carter, and Buzbee's out-of-court statements and demand letter are not at issue.

This Court should not deprive Mr. Carter of that constitutional right – based on nothing more than a single, still on appeal, order (without any additional record support) which the issuing judge lacked any confidence in and Mr. Buzbee's own co-defendants recognized to be of such little probative value that none of them bothered to advocate for its preclusive effect.

## Conclusion

For the above reasons, as well as those contained within Mr. Carter's opposition, the Buzbee Defendants' motion to dismiss should be denied.

Dated: August 21, 2025

/s/ *W. Patton Hahn*
WILLIAM G. SOMERVILLE
W. PATTON HAHN
JADE E. SIPES
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue, Ste. 2600
Birmingham, Alabama 35226
(205) 328-0480
wsomerville@bakerdonelson.com
phahn@bakerdonelson.com
jsipes@bakerdonelson.com

*Attorneys for Plaintiff Shawn Carter*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 21, 2025, the foregoing has been served upon the following defendants via the Court's electronic filing system as follows:

  Matthew Ryan Jackson
  11 N. Water St., Suite 23200
  Mobile, AL 36602
  251-433-3234
  matt.jackson@arlaw.com

  J. Blair Newman, Jr.
  11 N. Water St., Suite 13290
  Mobile, AL 36602
  251-433-3234
  bnewman@mcdowellknight.com

  Caroline T. Pryor
  Thomas Oliver II
  Alexander Townsley
  Dennis Oscar Vann
  Carr Allison
  6251 Monroe Street, Suite 200
  Daphne, AL 36526
  cpryor@carrallison.com

                        /s/ *W. Patton Hahn*
                        OF COUNSEL