IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| SHAWN COREY CARTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NO. 1:25-cv-000086-TFM-MU |
| | * | |
| ANTHONY BUZBEE, DAVID FORTNEY, ANTHONY G. BUZBEE, LP (d/b/a THE BUZBEE LAW FIRM), ANTIGONE CURIS, CURIS LAW, PLLC, and JANE DOE, | * | |
| | * | |
| Defendants. | * | |

### JANE DOE'S MOTION FOR LEAVE TO PROCEED USING PSEUDONYM

Comes now, Defendant Jane Doe ("Doe"), in response to the Court's August 7, 2025 Order (Doc. 69), and moves the Court to allow her to continue proceeding anonymously through the use of a pseudonym. In support of this Motion and in response to the Court's August 7, 2025 Order, Doe states as follows:

1.  A party may proceed anonymously by establishing a substantial privacy right which outweighs the presumption of openness in judicial proceedings. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *Doe v. Neverson*, 820 Fed. Appx. 984, 986 (11th Cir. 2020) (citing *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)). Factors to consider include: (i) whether the party seeking anonymity, among other things, "would be compelled, absent anonymity, to disclose information of the utmost intimacy"; (ii) whether the party "would be threatened by violence or physical harm if they proceeded in their real name";

(iii) whether the party is a minor; and (iv) whether proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. *Id.* at 986-87.

2.  However, the Eleventh Circuit has provided "no hard and fast formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Nor is there any exhaustive list of factors. *Frank*, 951 F.2d at 323. Instead, "all the circumstances" of a given case must be considered. *Neverson*, 820 Fed. Appx. at 986.

3.  The Eleventh Circuit has permitted parties to proceed anonymously in cases involving mental health issues because the social stigma attached to disclosure is sufficient to overcome the presumption of openness in court proceedings. *Neverson*, 820 Fed. Appx. at 988; *see also Doe v. Georgia Dep't of Corr.*, No. 1:23-CV-5578, 2024 WL 5700557, at *1 (N.D. Ga. Jan. 12, 2024) (allowing plaintiff to proceed anonymously so she was not required to make further disclosure of her transgender status, mental health problems and other private medical information); *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (allowing plaintiff to proceed anonymously based on stigmatizing mental illnesses).

4.  Carter's Second Amended Complaint makes clear that he will attempt to make Doe's mental health an issue in this case. Carter alleges that "Doe has a long history of mental health and substance abuse issues." (Doc. 32, ¶ 63.) Carter also alleges that Doe had been in Mental Health Court before filing her lawsuit and that she suffers from severe mental health disorders. (*Id.*, ¶ 66.) Carter clearly intends to pursue these issues in this highly publicized case, which would cause Doe to be subjected to stigma causing economic, social, and personal harm, damaging her ability to maintain a job and help care for her family. *See, e.g., S.G. v. Mears Transp. Group, Inc.*, No. 6:14-cv-917, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (permitting

2

party to proceed under a pseudonym in light of claim that disclosure of HIV or AIDS status would expose him to economic and social harm).

5. The public disclosure of Doe's identity would also be extremely damaging to Doe's personal health. Dr. John T. Olsen, her psychiatrist, has stated that "[f]rom a psychiatric standpoint, the forced disclosure of her identity in this context would have catastrophic consequences for her mental health." (Exhibit A – Declaration of Dr. John T. Olsen, D.O.) According to Dr. Olsen, "[s]uch public exposure would destabilize her current mental health recovery." (*Id.*) Further, "[t]he impact would likely be severe, with a high risk of exacerbation of her psychiatric symptoms, deterioration of her functioning, and a profound negative effect on her overall prognosis." (*Id.*)

6. One of the issues in this case is whether Carter sexually assaulted Doe while she was a minor and after she had been drugged. Courts have noted that anonymous name status may be granted where the plaintiff is a minor, rape or torture victim, or a likely target of retaliation by people who would learn his or her identity only from a judicial opinion or other court filing. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1317 (11th Cir. 2011); *see also Doe by and through Doe v. Costa Cruise Lines N.V.*, Case No. 06-60201, 2006 WL 8432474, at *4 (S.D. Fla. May 26, 2006) (allowing plaintiffs to proceed anonymously in case involving allegations of sexual assault to minor). The Eleventh Circuit has indicated that the consideration as to whether the party seeking anonymity is a minor applies where the party was a minor at the time of the alleged sexual conduct at issue, as is the case with Doe, even if the party is no longer a minor. *See Francis*, 631 F.3d at 1317.

7. If her identity is revealed, Doe is not simply going to be subjected to "personal embarrassment" because of her allegations of sexual assault. Based in part on what has already

occurred, she will be subjected to more severe threats and harassment if she is required to proceed under her real name. *See Neverson*, 820 Fed. Appx. at 984 (reversing district court's denial of motion to proceed under pseudonym in sexual assault and battery action where district court too easily discounted evidence that plaintiff would be subjected to threats or harassment); *Stegall*, 653 F.2d at 186 (allowing plaintiffs to proceed anonymously where there was evidence they may expect harassment or even violent reprisals).

8.  In this case, the likelihood of threats and harassment is a significant factor weighing in favor of anonymity. As set forth in her Declaration, Doe dismissed her case against Carter because she was frightened by the reaction of Carter and his supporters and the likelihood that she would have to be publicly named and subjected to public attacks. (Exhibit B – Declaration of Jane Doe in *Carter v. Buzbee*, Case No. 24SMCV05637, in the Superior Court of the state of California, County of Los Angeles, ¶ 9.) Doe chose to dismiss her lawsuit because she was "not prepared to undergo years of attacks, intimidation, and harassment." (*Id.*) Therefore, after negotiations among the attorneys, she agreed to dismiss her claims. (*Id.*) She was frightened by the "likelihood that [she] would have to be publicly named and subjected to public attacks." (*Id.*) Doe stated that "fear of intimidation and retaliation from Jay-Z and/or his associates or fans is one of the reasons that I chose not to pursue the New York Action and instructed my attorneys to dismiss it." (*Id.*, ¶ 6.)

9.  Doe dismissed her lawsuit against Carter based on an agreement that neither Carter nor his attorneys or investigators would contact her. (Exhibit C – Declaration of Marc E. Kasowitz.) Doe believed this would ensure her anonymity. (Ex. B, ¶ 9.)

10. Doe, however, was tracked by investigators, "a woman and a large man," who "cornered" her on her front porch "and told [her] that they are investigators working with an attorney on behalf of Jay-Z." (Ex. B, ¶ 4.) Doe "felt intimidated and terrified at being confronted

by these two individuals on [her] doorstep." (*Id.*)  Doe stated that she understood that investigators approached her father and mother multiple times, including as her father was picking her mother up from a medical appointment. (*Id.*, ¶ 5.)  Her father was also approached later at a gas station and her mother was separately approached at a store. (*Id.*)

11. Even without her identity being publicly known, Doe and her parents have been harassed by investigators during their personal lives. Doe has been made to feel intimidated and terrified at her own home after being cornered on her porch by investigators.  If Doe's identity is publicly revealed, the harassment of Doe and her family, which includes two children, will be far worse, and it will not be in any way controllable by the parties to the case.  As discussed below, many people are already clamoring for her identity so that they can threaten and harass her in a more direct, personal, and terrifying manner.

12. This case has attracted local, national, and international media attention because of Carter's fame.  Even without her identity being made public, Doe has been the target of online harassment and threats.  Given the nature of the internet, people often make these comments without revealing their actual identity, but that does not make such harassment and intimidation any less real. *See Neverson*, 820 Fed. Appx. at 988 (holding that internet posts about the lawsuit with threatening or harassing comments can establish that an anonymous plaintiff would be subject to threats and harassment if forced to proceed under her own name).  These posts appear to be made by Carter's fans, supporters, or others, and fear of this kind of "intimidation and retaliation" is one of the reasons Doe chose not to pursue her case against Carter. (Ex. B, ¶ 6.)

13. In *Neverson*, a case involving allegations of sexual assault and battery by recording artist Trey Songz, the Eleventh Circuit cited similar posts in support of the plaintiff being allowed to remain anonymous. *Neverson*, 820 Fed. Appx. at 985-86.  Examples of the posts quoted by the

5

Eleventh Circuit in *Neverson* include: "THESE H0's GOTTA STOP WITH THIS BS"; "Just another female tryna get some money from a celebrity"; "Man get tf outta here … where she at #LeaveTreyAlone #ThirstTraps"; and "She lying. Idc who it is. She lying." *Id.* at 985-86.

14. In this case, the posts directed at Doe are even more menacing. The sheer volume of posts directed at Doe is overwhelming, but representative examples are attached as <u>Exhibit D</u> and include the following:

- [If she were publicly named,] "I would know where she lives, and that be a risk to her life"
- "She better be scared"
- "And this is why I want them BOTH to suffer"
- "Expose the Jane Doe. She doesn't deserve any protection."
- "That lying ass hoe need to be sued into asylum"
- "Get that little bitch and everyone who helped her."
- "Expose the psch0"
- "One day her name will leak and when that time comes around, I'll be right there!"
- "just expose that btch"
- "the sick bitch I hope you get locked up"

(Ex. D.)

15. Amplifying the safety concerns posed by the threats and harassment is Doe's mental health. Doe's treating physician advises that the consequences would be "catastrophic" and the "impact would likely be severe." (Ex. A.) In *Neverson*, the Eleventh Circuit was persuaded by the plaintiff's statements that publicly identifying her would bring shame and humiliation on her family. 820 Fed. Appx. at 988. The health and safety concerns presented in this case are even more deserving of anonymity.

16. Since all parties in this case know Doe's identity, proceeding anonymously would not pose any threat of unfairness to Carter. *See Francis*, 631 F.3d at 1319. Her anonymity as to the general public will not impede discovery or trial preparation. *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (reversing district court's denial of motion to

proceed anonymously and holding that disclosure of name to parties "for discovery purposes on condition that they do not disclose it to the general public . . . is a reasonable way to reconcile the competing interests").

17.     Carter has also filed a Motion to Proceed Using a Pseudonym for One Defendant (Doc. 2), and Doe submits that Carter's Motion should be granted for the reasons stated in this Motion.  It is significant that Carter filed the initial Motion for Leave to Proceed Using a Pseudonym for One Defendant.  (Doc. 2.)  Carter recognizes the risks to Doe if her identity is publicly revealed and that she satisfies the requirements for proceeding anonymously.  (*Id.*)

WHEREFORE, for the foregoing reasons, Doe moves for leave to continue proceeding anonymously in this case.

Respectfully submitted,

*/s/ J. Blair Newman, Jr.*
J. BLAIR NEWMAN, JR. (NEWMJ8590)
bnewman@mcdowellknight.com

OF COUNSEL:
MCDOWELL KNIGHT ROEDDER
 & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama  36602
(251) 432-5300
(251) 432-5303 (fax)
Attorneys for Jane Doe

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 5, 2025, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all counsel of record.

            */s/ J. Blair Newman, Jr.*
            COUNSEL